# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSE MARTINEZ,

        Plaintiff(s),

v.

CREATIVE CONCEPTS, INC., et al.,

        Defendant(s).

2:12-CV-277 JCM (PAL)

**ORDER**

Presently before the court is defendants NPL Construction Co. and Ricardo Pringle's motion to dismiss (doc. #14); plaintiff Jose Martinez has responded (doc. # 32) and defendants have replied (doc. # 42). Also before the court is defendants' demand for security for costs (doc. # 15); plaintiff has responded (# 33) and defendants have replied (doc. # 41).[1]

**I.     Background**

Plaintiff worked at NPL's Dallas, Texas location from sometime before 2002 to 2007. During late 2002 to early 2003, various bosses at NPL contacted plaintiff about his illegal status in the United States. The supervisors told plaintiff that they knew that plaintiff did not have the requisite permits to legally work in the United States. The supervisors told plaintiff that NPL had a plan to allow him to became a documented worker. This plan, however, was contingent on plaintiff

---

[1] The court considers plaintiff's oppositions to both motions, thus plaintiff's motion to extend time (doc. # 30) is moot.

**James C. Mahan**
**U.S. District Judge**

1   continuing to work for NPL.

2       Plaintiff signed three agreements, one of which was with NPL. This agreement required that
3   $20 per week be withheld from plaintiff's NPL paycheck to pay for legal costs associated with the
4   legalization process. Legalization applications on behalf of plaintiff and other workers were sent to
5   the Department of Labor. NPL supervisors then told plaintiff it would cost more money to continue
6   the process; plaintiff agreed to $25 more per week withholding. Plaintiff was allegedly never told
7   that he did not qualify for legalization or that he was paying for a fraudulent promise.

8       Around January 2006, NPL's outside counsel allegedly contacted Ric Pringle, NPL's general
9   counsel, to inform hin that the legalization plan was not valid. Pringle did not inform any workers
10  that the program was fraudulent and allowed the plan to continue for two additional years. In October
11  2007, the United States Citizenship and Immigration Services informed plaintiff that his applications
12  had been denied.

13      Plaintiff alleges that this five-year plan was a sham concocted by NPL supervisors with the
14  assistance of other named defendants "in order to obtain cheap labor at a time when NPL and
15  Southwest gas [NPL's parent company] needed workers for its various projects in Dallas, Texas and
16  across the country." (Doc. # 1, ¶ 29).

17  **II.    Motion to Dismiss**

        ***a.    Legal Standard***

            ***i.    Rule 12(b)(6), failure to state a claim***

    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

    "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

1  "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

2  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949.

3  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

4  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

5  The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. July 25, 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

       *ii.*    *Rule 9, fraud based claims*

A plaintiff alleging fraud must satisfy a heightened pleading standard that requires circumstances constituting fraud be pled with particularity. FED.R.CIV.P. 9(b). In a Racketeer Influenced and Corrupt Organizations Act (RICO) case, a plaintiff must "state the time, place and specific conduct of the false representations as well as the identifies of the parties to the

1  misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.
2  1986); *see also Yourish v Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

3        In addition, plaintiffs seeking to satisfy Rule 9(b) must "set forth an explanation as to why
4  the statement or omission complained of was false and misleading." *In re GlenFed, Inc. Sec. Litig.,*
5  42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc* ); *see Fecht v. Price Co.,* 70 F.3d 1078, 1082 (9th Cir.
6  1995). The pleading must be "specific enough to give defendants notice of the particular misconduct
7  . . . so that they can defend against the charge and not just deny that they have done anything wrong."
8  *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted).

9        Finally, a plaintiff seeking to state a claim for fraud must also plead knowledge of falsity, or
10 scienter. *See GlenFed,* 42 F.3d at 1546. The requirement for pleading scienter is less rigorous than
11 that which applies to allegations regarding the "circumstances that constitute fraud" because "malice,
12 intent, knowledge, and other condition of mind of a person may be averred generally." FED.R.CIV.P.
13 9(b).

14       This heightened pleading standards applies to allegations of fraud and allegations that sound
15 in fraud, including false misrepresentations. *Vess,* 317 F.3d at 1106-07; *see also Meridian Project*
16 *Sys., Inc. v. Hardin Constr. Co., LLC,* 404 F.Supp.2d 1214, 1219 (E.D. Cal. 2005) ("It is well settled
17 in the Ninth Circuit that misrepresentation claims are a species of fraud, which must meet Rule 9(b)'s
18 particularity requirement."); *Neilson v. Union Bank of Cal., N.A.,* 290 F.Supp.2d 1101, 1141 (C.D.
19 Cal. 2003) (same).

20       ***b.***      ***Discussion***

21
22       Plaintiff alleges a civil RICO claim against NPL and Pringle in violation of 18 U.S.C. §
23 1962(b), (c), and (d). The court addresses each alleged violation in turn.

24
25       <u>*i.*</u>      <u>18 U.S.C. § 1962(b) & 18 U.S.C. § 1962(c)</u>

26       Both 18 U.S.C. § 1962(b) and 18 U.S.C. § 1962(c) require plaintiff allege "a pattern of
27 racketeering activity" or "collection of an unlawful debt."

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

"It shall be unlawful for any person through a *pattern of racketeering activity* or through *collection of an unlawful debt* to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b) (emphasis added). To bring a claim under § 1962(b), "plaintiff must allege that 1) the defendant's activity led to its control or acquisition over a RICO enterprise, and 2) an injury to plaintiff resulting from defendant's control or acquisition of a RICO enterprise." *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003), overruled on other grounds, *Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007). Plaintiff must also plead "facts sufficient to assert standing" and "allege a specific nexus between the control of the enterprise and the racketeering activity." *Id.*

"It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through *a pattern of racketeering activity* or *collection of unlawful debt*." 18 U.S.C. § 1962(c) (emphasis added). To bring a claim under § 1962(c), "plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' "business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001); *see also* 18 U.S.C. § 1962(c).

### 1. "Pattern of racketeering activity"

Title 18 U.S.C. § 1961(1) extensively defines a "racketeering activity" by providing the predicate acts and the federal laws, violation of which, constitutes racketeering activity. A "pattern of racketeering activity" requires at least two acts of racketeering activity occurring within ten years of one another. 18 U.S.C. § 1961(5). "Two acts are necessary, but not sufficient, for finding a violation." *Howard v. Am. Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000).

Here, plaintiff alleges that the "action involves a widespread criminal enterprise engaged in a pattern of racketeering activity . . . ." (Doc. # 1, ¶ 101). Plaintiff makes this allegation against all defendants (doc. # 1 ¶ 111), including NPL and Pringle. While plaintiff sufficiently pleads that these

James C. Mahan
U.S. District Judge

- 5 -

activities happened within ten years of one another, "beginning sometime in 2002 and ending in December 2007" (doc. # 1, ¶ 101); plaintiff fails to sufficiently plead a "pattern of racketeering activity" in one of two regards. First, plaintiff fails to allege two predicate acts pursuant to § 1961(1); and second, plaintiff fails to allege sufficient facts as to NPL and Pringle under the higher pleading standard of Rule 9.

      a. Failure to plead predicate acts

Plaintiff alleges that the predicate acts "cluster around a plan to hire and retain illegal workers and to keep cheap labor and retain additional cheap labor during a time when NPL required a large numbers of skilled and unskilled workers." (Doc. # 1, ¶ 102). This alleged "cluster" of predicate acts is comprised of 1) hiring a large number of workers who were not legally entitled to work in the United States, 2) bank fraud, 3) mail fraud, and 4) wire fraud. The first two predicate acts fail for the following reasons.

First, knowingly hiring undocumented workers is a violation of 8 U.S.C. § 1324a. Plaintiff alleges that NPL "knew that a large number of their workers were undocumented" (doc. # 1, ¶ 106) and that NPL supervisors told plaintiff that they "knew [plaintiff and co-workers] did not have the requisite permits to legally work in the United States" (doc. # 1, ¶ 11). While this is a violation of 8 U.S.C. § 1324a, violation of this federal law is a not a predicate act under RICO. *See Walters v. McMahen*, 684 F.3d 435, 440 (4th Cir. 2012). Thus, plaintiff's RICO claim cannot rest on this allegation, as it does not serve as a predicate act.

However, violation of a substantially similar provision, 8 U.S.C. § 1324, is a predicate act under RICO. Violation of 8 U.S.C. § 1324 requires that the violator employ at least ten undocumented workers within a 12-month period and have actual knowledge that the aliens were "brought into" this country illegally. *See Walters*, 684 F.3d at 440. Plaintiff has not alleged any facts as to how many undocumented workers NPL and Pringle hired. Further, plaintiff has not alleged that any defendant had actual knowledge that the workers had been "brought into" the United States illegally. Thus, 8 U.S.C. § 1324 cannot serve as the predicate act of plaintiff's RICO claim.

1    Second, plaintiff alleges that defendants committed bank fraud by using "interstate deposits
2    and withdrawals" (doc. # 1, ¶ 28) to withdraw $20 per week from plaintiff's paycheck to pay for the
3    legal costs associated with the legalization process (doc # 1, ¶ 18). Other district courts have held
4    that "[o]nly financial institutions have standing to allege violations of bank fraud under 18 U.S.C.
5    § 1344 as predicate acts for RICO purposes." *Best Deals on TV, Inc. v. Naveed*, No. C07-1610 SBA,
6    2007 WL 2825652. *10 (N.D. Cal. 2007). Plaintiff need not be the intended victim of the bank fraud
7    statute to bring bank fraud as a predicate act under RICO; however, the standing requirement
8    effectively accounts for the causation and injury elements of a RICO claim. *See Hill v. Opus Corp.*,
9    841 F. Supp.2d 1070, 1098 (C.D. Cal. 2011).

10   Here, plaintiff has not adequately pled the proximate cause requirement of 18 U.S.C. §
11   1962(c). *See Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008). Although
12   the requisite connection under 18 U.S.C. § 1962(b) is broader, *see Advocacy Org. for Patients &*
13   *Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 329 (6th Cir. 1999), the court still finds that
14   plaintiff has not pled a sufficient nexus between defendant's unlawful conduct in relation to bank
15   fraud and plaintiff's alleged injury. Any inquiry into what damages defendants' alleged bank fraud
16   caused plaintiff would be speculative at best. Because plaintiff fails to adequately plead causation
17   or nexus on this point, bank fraud cannot serve as a predicate act of his RICO claim.

b.  Failure to plead sufficient facts under Rule 9

The next two predicate acts fail because plaintiff does not meet the particularity requirements
of Rule 9. While plaintiff directly references NPL and inside counsel of NPL, that is Pringle (doc.
# 1, ¶ 102), plaintiff fails to allege sufficient facts under Rule 9 to connect defendants to the
predicate acts or violation of federal law.

Plaintiff alleges that defendants used the U.S. mail to correspond with one another and to
send the fraudulent applications to three government entities. (Doc. # 1, ¶ 109). However, plaintiff
fails to allege how the applications were fraudulent, who mailed the applications, when the
applications were mailed, and where the applications were mailed from. *See Schreiber Distrib. Co.*,

James C. Mahan
U.S. District Judge

- 7 -

806 F.2d at 1401. Without alleging facts that directly link NPL and Pringle to the mail fraud, plaintiff fails to satisfy the particularity requirement of Rule 9. Thus, to the extent that plaintiff has pled mail fraud, plaintiff has not sufficiently connected this predicate act to these particular defendants.

Plaintiff also alleges that defendants communicated the fraudulent scheme through the use of "interstate wires including interstate phone calls . . . and emails." (Doc. # 1, ¶ 102). Plaintiff also alleges that defendants withheld "money out of the [p]laintiff's paychecks for services that [defendants] knew has no value and forward[ed] this money to Nevada banks and California banks . . . ." (Doc. # 1, ¶ 110). Plaintiff alleges that this behavior amounts to wire fraud. However, this allegation suffers similar shortcomings as mail fraud; plaintiff fails to allege which defendant engaged in wire fraud and on what occasion. *See Schreiber Distrib. Co.*, 806 F.2d at 1401. Although plaintiff's allegations that NPL withheld money from his paycheck is directly attributed to NPL, without more information as to when these withholdings occurred, the court finds that this predicate act has not met the particularity requirement of Rule 9. Thus, to the extent that plaintiff has pled wire fraud, plaintiff has not sufficiently connected this predicate act to these particular defendants.

*2. "Collection of an unlawful debt"*

Under RICO, "unlawful debt" is defined as:

> debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

18 U.S.C. § 1961(6).

Here, plaintiff alleges that "defendants' enterprise included the collection of an unlawful debt . . ." (doc. # 1, ¶ 102) and that defendants withheld money "for attorney fees and costs directly out of [plaintiff's] paycheck" (doc. # 1, ¶ 104). However, none of the activities alleged in plaintiff's

James C. Mahan
U.S. District Judge

- 8 -

1  complaint meet the definition of "unlawful debt" under 18 U.S.C. § 1961(6). For this reason, a RICO
2  claim on this basis fails.

### ii. 18 U.S.C. § 1962(d)

Title 18 U.S.C. § 1962(d) reads: "It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Because plaintiff failed to sufficiently plead a violation of subsection (b) or (c),[2] plaintiff's claim under subsection (d) necessarily fails.

Because plaintiff fails to adequately plead a RICO claim, the court dismisses this claim without prejudice.

### c. Supplemental Jurisdiction

In addition to the RICO claim, plaintiff asserts eleven state law causes of action against defendants for breach of contract, breach of confidential relationship, negligence, breach of fiduciary duty, fraudulent inducement, and negligent misrepresentation.

Plaintiff's RICO claim provides the sole basis for federal subject matter jurisdiction in this case. Having dismissed the claim over which the court had original jurisdiction, the court exercises its discretion to decline supplemental jurisdiction over plaintiff's remaining state law causes of action. 28 U.S.C. § 1367(c)(3) ("The district courts *may* decline to exercise supplemental jurisdiction over a [state-law] claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction.") (emphasis added); *see also Wade v. Regional Credit Association,* 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); s*ee also United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966)

---

[2]Plaintiff did not make allegations pursuant to subsection (a).

**James C. Mahan**
**U.S. District Judge**

- 9 -

1  ("Needless decisions of state law should be avoided both as a matter of comity and to promote
2  justice between the parties, by procuring for them a surer-footed reading of applicable law.").

### III.  Demand for Security for Costs

Concurrently with defendants' motion to dismiss, defendants also filed a demand for $500.00 for security for costs. (Doc. # 15).

The Ninth Circuit recognizes that "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). A federal district court typically follows the forum state's practice, particularly when a party is a non-resident. *See* § 2671 Security for Costs, 10 Fed. Prac. & Proc. Civ. § 2671 (3d ed.). Nevada permits the payment of security pursuant to Nevada Revised Statute 18.130 (2011).

Provided not only that the court has inherent power to decide whether payment of security is necessary but also the discretionary nature of Nev. Rev. Stat. 18.130, the court declines to require plaintiff to post a $500.00 security bond.

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 14) be, and the same hereby is, GRANTED as to plaintiff's RICO claim. This claim is dismissed without prejudice. IT IS FURTHER ORDERED that plaintiff's motion to extend time (doc. # 30) is DENIED AS MOOT.

IT IS THEREFORE ORDERED that defendants' motion to dismiss as to plaintiff's state law claims (doc. # 14) be, and the same hereby is, DENIED AS MOOT as this court declines at present to exercise supplemental jurisdiction over plaintiff's state law claims.

IT IS FURTHER ORDERED that plaintiff, if he so chooses to amend his complaint, file a motion to amend attaching the proposed amended complaint within thirty (30) days of the date of this order setting forth specific factual allegations supporting his RICO claim. If he repleads the

James C. Mahan
U.S. District Judge

- 10 -

1  RICO claim, plaintiff may include his state claims in the amended complaint as well. The court
2  reminds plaintiff that he must comply with the requirements of Local Rule 15-1. Additionally, if the
3  amended complaint is similarly deficient, the court may conclude that further leave to amend would
4  be futile.
5      LASTLY, IS IT FURTHER ORDERED that defendants' demand for security for costs (doc.
6  # 15) be, and the same hereby is, DENIED.
7      DATED September 27, 2012.

_____
**UNITED STATES DISTRICT JUDGE**